UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL LOVE,

               Plaintiff,

    v.

CARTWRIGHT HOTEL GROUP, LP, et al.,

               Defendants.

Case No. 20-cv-08916-TSH

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

Re: Dkt. No. 20

Defendants Cartwright Hotel, Inc. and Cartwright Hotel Group, LP move to set aside the entry of default against them pursuant to Federal Rule of Civil Procedure 55(c).  ECF No. 20. Plaintiff Samuel Love filed a statement of non-opposition.  ECF No. 24.  The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 22, 2021 hearing. *See* Civ. L.R. 7-1(b).

Rule 55(c) provides that a court may set aside an entry of default for good cause.  "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (simplified).  "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Id.* (simplified).

Here, Defendants state their failure to respond was "due to inadvertence stemming from the recent death of Defendants' registered agent for service of process."  Mot. at 2.  A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and

intentionally failed to answer." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (citation and quotations omitted).  As Defendants failure to respond was unintentional, the Court finds they have not engaged in culpable conduct.  *See id.* ("[A] defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

Further, Defendants have shown they have a meritorious defense to the complaint in that they contend they will be able to show that the Cartwright Hotel's reservations website complies with the ADA and the Department of Justice regulations.  *See id.* at 1094 ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question would be the subject of the later litigation.") (simplified).

Finally, to establish prejudice, setting aside default must result in greater harm than simply delaying resolution of the case.  *Id.*  Here, default was only entered one month ago, and Plaintiff has stated he does not oppose the motion to set aside default.

In sum, the Court finds that all factors favor setting aside default and allowing the case to proceed on the merits.  Accordingly, Defendants' motion is **GRANTED**.  The parties shall meet and confer and thereafter file a joint status report by April 7, 2021, regarding the General Order 56 deadlines in this case.

**IT IS SO ORDERED.**

Dated: March 24, 2021

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2